# EXHIBIT 6

BD 24

Dockets.Justia.com

# Washington State Bar Association

Public | Member | Sponsor | Help

Monday, July 30, 2007

## Discipline Notice

| WSBA Bar # | 23076 | Member Name | Bernie Willard Potter |
|---|---|---|---|
| Action | Disbarment | Effective Date | 11/13/2006 |
| RPC | 1.3 - Diligence<br>1.4 - Communication<br>1.14 - Preserving Identity of Funds and Property of a Client<br>3.3 - Candor Toward the Tribunal<br>4.1 - Truthfulness in Statements to Others<br>8.4 (b) - Criminal Act<br>8.4 (c) - Dishonesty, Fraud, Deceit or Misrepresentation<br>8.4 (d) - Conduct Prejudicial to the Administration of Justice<br>8.4 (l) - Violate ELCs | | |
| Discipline Notice | Bernie W. Potter (WSBA No. 23076, admitted 1993), of Seattle, was disbarred, effective November 13, 2006, by order of the Washington State Supreme Court following a default hearing. This discipline was based on his conduct in seven personal-injury matters.<br><br>Between 2000 and 2004, Mr. Potter engaged in the following conduct that established grounds for discipline:<br><br>• Converting and misappropriating client funds.<br>• Writing and issuing an insufficient-funds check to a client.<br>• Failing to maintain on deposit in his trust account the balance of funds due to clients and third parties.<br>• Failing to notify clients of receipt of funds and failing to pay funds from settlements and arbitration awards to clients and third parties when due.<br>• Failing to keep adequate and complete records of deposits and disbursements of client funds and failing to render appropriate accounts to clients regarding cost and fee disbursements.<br>• On disbursement statements, making misrepresentations to clients about amounts owed to them.<br>• Falsely advising a client of an adverse party's position regarding the client's percentage of fault, and making false statements to a client regarding a PIP reimbursement.<br>• Failing to explain to a client the potential consequences of receiving settlement funds without reimbursing an insurer for PIP payments.<br>• Making false statement to insurers regarding money held in trust and his intention to pay amounts owed as reimbursement.<br>• Making false statements to his client, to opposing counsel, and to an arbitrator in order to obtain a continuance of an arbitration hearing.<br>• Failing to appear at an arbitration hearing, failing to inform his client of the hearing date, and failing to communicate with the client.<br>• Failing to notify a client of his suspension from the practice of law. | | |

**BD 25**

- Failing to respond to requests for information during the course of disciplinary investigations, and failing to appear at a deposition as required by a subpoena issued by disciplinary counsel.

Mr. Potter's conduct violated RPC 1.3, requiring a lawyer to act with reasonable diligence and promptness in representing a client; RPC 1.4, requiring a lawyer to keep a client reasonably informed about the status of a matter, promptly comply with reasonable requests for information, and explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; RPC 1.14(a), requiring that all funds of clients paid to a lawyer or law firm be deposited into one or more identifiable interest-bearing trust accounts and no funds of the lawyer be deposited therein; RPC 1.14(b)(1), requiring a lawyer to promptly notify a client of the receipt of his or her funds, securities, or other properties; RPC 1.14(b)(3), requiring a lawyer to maintain complete records of all funds, securities, and other properties of a client coming into possession of the lawyer and render appropriate accounts to his or her client regarding them; RPC 1.14(b)(4), requiring a lawyer to promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive; RPC 3.3(a)(1), prohibiting a lawyer from making a false statement of material fact or law to a tribunal; RPC 4.1(a), prohibiting a lawyer from making a false statement of material fact or law to a third person; RPC 8.4(b), prohibiting a lawyer from committing a criminal act (here, theft and unlawful issuance of a bank check) that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects; RPC 8.4(c), prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; RPC 8.4(d), prohibiting a lawyer from engaging in conduct prejudicial to the administration of justice; and RPC 8.4(l), prohibiting a lawyer from violating a duty or sanction imposed by or under the Rules for Enforcement of Lawyer Conduct (here, ELC 1.5, 5.3(e), and 14.1).

M. Craig Bray represented the Bar Association. Mr. Potter did not appear either in person or through counsel. Marc L. Silverman was the hearing officer.

The discipline search function may or may not reveal all disciplinary action relating to a lawyer. The discipline information accessed is a summary and not the official decision in the case. For more complete information, call 206-727-8207 and press 7.

Public     Member     Sponsor     Help