1     The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN HENRY BROWNE and ALAN J. WENOKUR, individually and on behalf of others similarly situated,<br><br>              Plaintiffs,<br><br>   v.<br><br>AVVO, INC., MARK BRITTON, and JOHN DOES 1-25,<br><br>              Defendants. | No. CV7-920 RSL<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT UNDER FED. R. CIV. P. 12(c)<br><br>**Note on Motion Calendar:**<br>**August 10, 2007** |

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
(CV7 920 RSL)

SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2600 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................................1

II. FACTUAL BACKGROUND ............................................................................................1

    A. The Complaint and Materials Properly before the Court on This Motion Show that Avvo Discloses the Basis of Its Ratings. ........................................................................1

    B. The Record on This Motion Shows That Avvo Always Has Characterized Its Ratings as Opinions. ......................................................................................................2

    C. Avvo Does Not "Coerce" Attorneys to Submit Information. .........................................3

III. LEGAL ARGUMENT .......................................................................................................3

    A. Plaintiffs Have Not Satisfied the Applicable Pleading Standards. .................................3

    B. The First Amendment Protects Avvo's Opinions. ..........................................................4

        1. The First Amendment Preempts the CPA to the Extent It Purports to Regulate Expression of Opinions. ............................................................................................4

        2. As Opinions, Avvo's Ratings Merit First Amendment Protection. ...........................6

    C. Plaintiffs Have Failed to State a Claim under the CPA. ..................................................8

        1. Avvo's Publication Does Not Occur in "Trade or Commerce." ...............................8

        2. Plaintiffs Have Not Alleged Direct Harm from Avvo's Actions. ............................10

    D. Section 230 Protects the Republishing of Third-Party Content. ..................................11

    E. The Constitution Bars Liability for Republication of Disciplinary Actions. ................11

    F. The Requested Amendment of the Complaint Would Be Futile. .................................11

IV. CONCLUSION ................................................................................................................12

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — i
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**TABLE OF AUTHORITIES**

**CASES**

*Aviation Charter v. Aviation Research Group/US,*
    416 F.3d 864 (8th Cir. 2005) ...................................................................................................8

*Bell Atlantic Corp. v. Twombly*,
    127 S. Ct. 1955 (U.S. May 21, 2007) ......................................................................................3

*Blatty v. New York Times Co.*,
    42 Cal.3d 1033 (Cal. 1986)................................................................................................. 4-5

*Carafano v. Metrosplash.com, Inc.*,
    339 F.3d 1119 (9th Cir. 2003) ...............................................................................................11

*Daily Herald Co. v. Munro*,
    758 F.2d 350 (9th Cir. 1984) ...................................................................................................9

*Fidelity Mortgage Corp. v. Seattle Times Co.*,
    131 Wn. App. 462, 128 P.3d 621 (2005) ........................................................................... 8-11

*Fidelity Mortgage Corp. v. Seattle Times Co.*,
    304 F. Supp. 2d 1270 (W.D. Wash. 2004)......................................................................... 9-10

*Flowers v. Carville*,
    310 F.3d 1118 (9th Cir. 2002) .................................................................................................3

*Franchise Realty Interstate Corp. v. S.F. Local Joint Exec. Bd. of Culinary Workers*,
    542 F.2d 1076 (9th Cir. 1976) .................................................................................................3

*In re Gerwer*,
    898 F.2d 730 (9th Cir. 1990) ...................................................................................................9

*Komie v. Buehler Corp.*,
    449 F.2d 644 (9th Cir. 1971) .................................................................................................12

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ...................................................................................................8

*Lee v. Columbian, Inc.,*
    64 Wn. App. 534, 826 P.2d 276 (1991)...................................................................................5

*Lynch v. Trendwest Resorts, Inc.,*
    2006 WL 44360 (W.D. Wash. Jan. 6, 2006) ...........................................................................8

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — ii

SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Mark v. Seattle Times,*
   96 Wn.2d 473, 635 P.2d 1081 (1981)..........................................................................12

*McCoy v. Major League Baseball,*
   911 F. Supp. 454 (W.D. Wash. 1995)............................................................................4

*McGlinchy v. Shell Chem. Co.,*
   845 F.2d 802 (9th Cir. 1988) ........................................................................................6

*Milkovich v. Lorain Journal Co.,*
   497 U.S. 1 (1990)..........................................................................................................6

*Mohr v. Grant,*
   153 Wn.2d 812, 108 P.3d 768 (2005)........................................................................12

*Nebraska Press Ass'n v. Stuart,*
   427 U.S. 539 (1976)....................................................................................................11

*New York Times Co. v. Sullivan,*
   376 U.S. 254 (1964)......................................................................................................9

*Nicholson v. McClatchy Newspapers,*
   177 Cal. App.3d 509 (1986) .........................................................................................5

*Ott v. Home Sav. & Loan Assoc.,*
   265 F.2d 643 (9th Cir. 1958) ........................................................................................1

*Paterson v. Little, Brown & Co.,*
   2007 WL 2156591 (W.D. Wash. 2007)........................................................................6

*Presidio Enter., Inc. v. Warner Bros. Distrib. Corp.,*
   784 F.2d 674 (5th Cir. 1986) ........................................................................................5

*Rodriguez v. Panayiotou,*
   314 F.3d 979 (9th Cir. 2002) ........................................................................................6

*Romeo v. Gen. Chem. Corp.,*
   922 F. Supp. 287 (N.D. Cal. 1994)...............................................................................1

*Search King, Inc. v. Google Tech., Inc.,*
   2003 WL 21464568 (W.D. Okla. May 27, 2003).........................................................7

*Smith v. California,*
   361 U.S. 147 (1959)......................................................................................................9

*Stephens v. Omni Ins. Co.,*
   138 Wn. App. 151, 159 P.3d 10 (2007).......................................................................9

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS (CV7 920 RSL) — iii
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Washington Post Co. v. Keogh*,
    365 F.2d 965 (D.C. Cir. 1966) ............................................................................................12

*Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*,
    122 Wn.2d 299, 858 P.3d 1054 (1993) ...............................................................................9

*Wright v. Fred Hutchinson Cancer Research Ctr.*,
    206 F.R.D. 679 (W.D. Wash. 2002) ....................................................................................9


**STATUTES**

47 U.S.C. § 230 ................................................................................................................... 9-11

RCW 19.86.010(2) ....................................................................................................................8


**OTHER AUTHORITIES**

U.S. Const., amend. I ..................................................................................................... Passim

U.S. Const., art. IV, cl. 2 .............................................................................................................4

Wash. R.P.C. 7.1 .......................................................................................................................2

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — iv
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## I. PRELIMINARY STATEMENT

In a brief replete with errors, plaintiffs John Henry Browne and Alan Wenokur urge the Court to ignore the First Amendment standards applicable to their lawsuit and binding law under the state Consumer Protection Act ("CPA"). As opinions, Avvo's attorney ratings merit full constitutional protection, and plaintiffs' novel attempt to recast their lawsuit as an attack on conduct, not speech, strains logic and lacks case law support. Under their bizarre legal theories, the unbiased are stripped of First Amendment opinion protections and Avvo's efforts to evaluate lawyers who chose not to interact with Avvo during the nine days after Avvo's launch constitute "coercion," which results in CPA liability. Plaintiffs offer no basis for eliminating defendants' free speech rights and no support for their CPA theory.

## II. FACTUAL BACKGROUND

**A. The Complaint and Materials Properly before the Court on This Motion Show that Avvo Discloses the Basis of Its Ratings.**

Avvo rates attorneys in three areas: experience, industry recognition, and professional conduct. Compl. ¶ 4.[1] According to plaintiffs, Avvo lists a separate numerical score derived from a mathematical model ("the Avvo Rating"). *Id*. ¶ 5. The Rating's basis is not "secret." *See* Opp. at 3, 24. Avvo discloses that it uses three sets of data: (1) publicly available information from state bar associations and websites; (2) self-reported attorney information; and (3) reviews from clients and attorneys. Def. Mot. at 2. Individuals seeking to review attorneys as clients must register with the site. First Shaak Decl., Ex. A at 24. Attorneys seeking to endorse peers must verify their identities. Supp. Shaak Decl., Ex. A at 1.[2] Further, Avvo discloses on each attorney's profile page the basis for the Rating. *Id.* at 2, 3, 6-8.

---

[1] Plaintiffs now suggest Avvo puts little or no effort into its system. Opp. at 7, 9, 12. Though the Complaint says no such thing (and it if it did, it would be incorrect), Avvo will assume the assertion to be true for purposes of this motion.

[2] The Avvo Rating does not include client reviews, Opp. at 5, but Avvo will accept this allegation as pled, given that the Court can take notice only of website pages publicly available on the Complaint's date. First Decl. of Shaak ¶ 3. But this Court may examine the entire site as of that date, and Avvo will dispel some of plaintiffs' new and unsupported assertions in a separate declaration (which quotes additional portions of the website that the Complaint incorporated by reference). Where the Complaint's allegations conflict with the unchallenged contents of the website, this Court may take the latter as true. *Ott v. Home Sav. & Loan Assoc.*, 265 F.2d 643, 646 n.1 (9th Cir. 1958); *see also Romeo v. Gen. Chem. Corp.*, 922 F. Supp. 287, 289 (N.D. Cal. 1994).

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — 1
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Plaintiffs did not plead that their Avvo Rating depends only on self-reported information, Opp. at 3, nor would that claim be true. *See* Def. Mot. at 2-3. Many attorneys who have not claimed their profiles garner high ratings. *See, e.g.,* Supp. Shaak Decl., Ex. A at 6-8. Similarly, the website itself shows that, contrary to plaintiffs' assertion, attorneys need not submit biographical information to claim their profiles. *Id.* at 5-6.

Avvo relies on bar associations and attorney websites for information, including whether an attorney is alive or has been disciplined. *See id.* at 2. Avvo also relies on bar associations for (and displays in each profile) the number of years an attorney has been licensed in a particular state. Supp. Shaak Decl., Ex. A at 2, 3; *cf.* Opp. at 5.

Avvo also assumes attorneys truthfully report information about themselves. Def. Mot. at 3. Plaintiffs implicitly admit this is reasonable. *See* Opp. at 10; *see also* Compl. ¶¶ 35-36 (citing Wash. R.P.C. 7.1). Still, Avvo guards against fraud and manipulation. The site requires attorneys to verify their identities. Def. Mot. at 2. When an attorney reports an award the system does not recognize, humans review and assign it a value. *Id.* at 3; *cf.* Opp. at 1, 5-6. An attorney cannot boost a rating merely by posting ***any*** information, Opp. at 5-6.

### B. The Record on This Motion Shows That Avvo Always Has Characterized Its Ratings as Opinions.

Avvo's characterization of its ratings as opinions is not (as plaintiffs contend) a "convenience born of litigation."[3] *See* Opp. at 3. Indeed, Avvo routinely referred to its "assessment" of lawyers, a word that could leave no doubt as to the opinion-laden content of its site. *See* Def. Mot. at 4 (quoting, as of the Complaint's date, the following statements, with emphasis added: "The Avvo Rating is ***our assessment*** of how well a lawyer could handle your legal issue…. [T]here's no substitute for talking and meeting with an attorney in

---

[3] Plaintiffs unsuccessfully attempt to manufacture supposed factual misstatements by Avvo. For example, despite the lack of any such allegation in their Complaint, plaintiffs argue that Avvo falsely misrepresented Browne's background by stating that only 20 percent of his practice is criminal. *See* Opp. at 5. But the documents that plaintiffs submit in response to this motion show that this claim has no basis in fact: they have attached a page from the website showing that Browne's entire practice revolves around aspects of criminal defense. *See* Berman Decl., Ex. 3, BD 12-13 (listing as Browne's practice areas criminal defense, violent crime, federal crime, sexual assault, and drugs). In any event, as the website shows, if Avvo does not have enough information on an attorney's practice areas, it does not provide a breakdown. *See* Supp. Shaak Decl., Ex. A at 3.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — 2
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

person."); ("our Avvo Rating, *which is our assessment of how well a lawyer can represent you*"); ("*The Avvo Rating is our assessment* of how well a lawyer *could* handle your legal issue."); ("We're *an excellent place to start*.... Profile information includes… the Avvo Rating, *our assessment* of how well a lawyer *could* represent you based on information we know about the lawyer."); ("*Should I rely on only the Avvo Rating in choosing a lawyer? No*…. [T]he Avvo Rating… *is only one of several tools*….")).

### C. Avvo Does Not "Coerce" Attorneys to Submit Information.

Plaintiffs' Opposition relies extensively on a new argument, that Avvo "coerces" attorneys, a claim that does not appear in their Complaint. *See* Opp. at 1, 6, 8, 11 (alleging that attorneys who ignore their rating do so at their peril; Avvo repeatedly has told lawyers it will not remove their profiles; Avvo informs attorneys they may boost their ratings only by claiming their profiles; and Avvo's business model is predicated on coercion). Following plaintiffs' logic, any publication of information about someone without their participation and cooperation constitutes "coercion." But that theory is not the law; nor, given basic First Amendment standards, could plaintiffs' "coercion" gambit ever be a proper basis for liability.

### III.   LEGAL ARGUMENT

### A.   Plaintiffs Have Not Satisfied the Applicable Pleading Standards.

Plaintiffs do not dispute that their "obligation to provide the grounds of [their] entitle[ment] to relief requires more than... a formulaic recitation of a cause of action[]." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (quotations omitted). Nevertheless, they merely parrot the elements of a CPA claim, failing to "nudge[] their claims across the line from the conceivable to the plausible." *Id.* at 1974. Plaintiffs also face a higher standard under the First Amendment. *See Flowers v. Carville*, 310 F.3d 1118, 1130 (9th Cir. 2002). Thus, for example, in *Franchise Realty Interstate Corp. v. S.F. Local Joint Exec. Bd. of Culinary Workers*, 542 F.2d 1076, 1082-83 (9th Cir. 1976), the Ninth Circuit reasoned:

> [I]n *any* case, *whether antitrust or something else*, where a plaintiff seeks damages or injunctive relief, or both, for conduct which is prima facie protected by the First Amendment, the danger that the mere pendency of the

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — 3
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

action will chill the exercise of First Amendment rights *requires more specific allegations than would otherwise be required*. [Emphasis added.]

This rule is not confined, Opp. at 9, either to defamation or *Noerr-Pennington* claims; instead, it encompasses, in the Ninth Circuit's words, "any case" that attacks First Amendment rights.[4] Because plaintiffs target Avvo's opinions, *see infra* at III.B, the First Amendment thus requires "more specific allegations than would otherwise be required."

Plaintiffs state, without support, they have met this standard. Opp. at 9. They belie this position by inserting new anecdotes as new allegations, implicitly admitting that the Complaint failed to plead specifically, and at times, failed to plead at all.[5]

### B. The First Amendment Protects Avvo's Opinions.

#### 1. The First Amendment Preempts the CPA to the Extent It Purports to Regulate Expression of Opinions.

Plaintiffs brazenly state: "[t]he First Amendment does not preempt the CPA." Opp. at 16. The Supremacy Clause, however, says something else. U.S. Const., art. IV, cl. 2 ("This Constitution … shall be the supreme Law of the land; and the Judges in every State shall be bound thereby, any Thing in the … Laws of any State to the Contrary notwithstanding."). While citing no authority for their novel suggestion that this state law claim is exempt from the First Amendment, plaintiffs do not dispute that the First Amendment "appl[ies] to all claims *whose gravamen is the alleged injurious falsehood of a statement*." *Blatty v. New York Times Co.*, 42 Cal. 3d 1033, 1042-43 (Cal. 1986) (emphasis added).

Nor do plaintiffs dispute that the First Amendment preempts claims of interference with contractual relations, antitrust, trade libel, infliction of emotional distress, and privacy

---

[4] It makes no difference that Avvo cited several cases resolved on summary judgment. *See* Opp. at 9 n. 11, 15, 21. The same standards apply to motions for judgment on the pleadings. *McCoy v. Major League Baseball,* 911 F. Supp. 454, 456 (W.D. Wash. 1995) (same standard applies to a question of law whether on a motion for summary judgment or a motion for failure to state a claim upon which relief can be granted).

[5] *See, e.g.,* Opp. at 5 (practice listing for Browne is inaccurate); 6 (disbarred, dead attorney is rated higher than a named plaintiff); 6 (Britton is rated higher than most Supreme Court justices); 7 (within one week of debut, Avvo had rated tens of thousands of lawyers); 7, 9, 12 (Avvo does not investigate attorney information); 8 (Avvo's model requires information from attorneys); 8 (a lawyer must provide personal data to claim a profile), 9 (Britton has practiced law on and off for 15 years and is inexperienced); 10 (Avvo will not alter a profile to report accurate information); 11 (lawyers who ignore "low-to-average" ratings do so "at their peril"); 11 (Avvo "repeatedly" tells attorneys it will not remove their profiles); 11 (Avvo tells attorneys they may only change ratings by claiming their profiles); 11 (Avvo's business model is predicated on coercion).

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — 4
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

invasion. Def. Mot. at 14. Having made that concession, they cannot explain why their CPA claim uniquely escapes all First Amendment scrutiny. First, ignoring *Presidio Enter., Inc. v. Warner Bros. Distrib. Corp.*, 784 F.2d 674 (5th Cir. 1986), plaintiffs falsely argue that no case invoking First Amendment protections did so in the context of a consumer protection claim. *See* Opp. at 16. They then attempt to distinguish *Presidio*, *see* Opp. at 22-23, by omitting the relevant holding: The Fifth Circuit decided that plaintiffs' deceptive trade practices claim alleging that defendants had misled plaintiffs as to a movie's quality did "not alter[]" a movie's status as protected opinion. *Presidio Enter.*, 784 F.2d at 685. The *Presidio* plaintiffs had invoked a statute virtually identical to the CPA, prohibiting "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce." *Id.* at 686.

Nevertheless, plaintiffs insist that this Court may ignore *Blatty* and other cases because the gravamen of their claims is ***not*** injurious falsehoods, but rather (1) "coercion" of attorney information and (2) publication of "deceptive unreliable information" claimed to be unbiased. Opp. at 16-17, 23. Their own words refute their argument, including the dozen references to injuries caused by falsity. *See* Opp. at 1 ("the ratings are ***false***"; "***inaccurate*** ratings"); 2 ("***false*** … speech"; "publication of ***false*** … materials"); 2-3 ("***unverified***, limited profile"); 4 ("many examples of wildly ***inaccurate*** ratings"; "Avvo reports ***false*** information"); 10 ("site is ***not capable of providing accurate or credible information***"); 19 ("statements of ***purported fact that are false*** and/or deceptive"); 21 ("***false*** statements"); Compl. ¶ 2 ("whether the score has been calculated based on… ***other inaccurate information***"), *Id.* ¶ 15 ("important life decisions based on ***highly inaccurate information***"). Indeed, Browne's damage claim, including loss of reputation, rests on allegations that consumers relied on "false" Avvo ratings. *See* Compl. ¶¶ 84-85. This is precisely the type of injury that *Blatty* contemplated.

Plaintiffs' new theory of liability—that Avvo supposedly "coerces" attorneys into providing information, by evaluating them without their input—lacks any legal basis. Opp. at 6-7, 16-17. Avvo no more coerces attorneys than a reporter coerces a story subject when publishing an article despite that person's refusal to comment or return telephone calls. *See,*

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — 5
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*e.g., Lee v. Columbian, Inc.,* 64 Wn. App. 534, 539-40, 826 P.2d 276 (1991) (plaintiff's outrage claim for solicitation of his comments for a story about him was frivolous); *Nicholson v. McClatchy Newspapers*, 177 Cal. App.3d 509, 516-19 (1986) (broad protections to engage in gathering information). "Coercion" has many legal meanings, but none supports plaintiffs' peculiar interpretation, nor do plaintiffs offer a shred of legal support for it.[6]

### 2. As Opinions, Avvo's Ratings Merit First Amendment Protection.

"[W]hether an allegedly defamatory statement constitutes fact or opinion is a question of law for the court." *Rodriguez v. Panayiotou*, 314 F.3d 979, 985 (9th Cir. 2002); *Paterson v. Little, Brown & Co.*, 2007 WL 2156591, at *7 (W.D. Wash. 2007). Ignoring this basic rule, plaintiffs instead cite *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802 (9th Cir. 1988), and argue that the Court cannot determine opinion protections as a matter of law. Opp. at 17. But *McGlinchy* does not even address the First Amendment or the opinion privilege. They also discuss *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990), claiming that it rejects the Ninth Circuit test cited by defendants. Opp. at 19-20. In fact, the case on which Avvo relies, *Partington v. Bugliosi*, derives from and applies *Milkovich*. 56 F.3d 1147, 1152 (9th Cir. 1995). The Ninth Circuit's inquiry asks whether: (1) the general tenor of the entire work negates an inference that the defendant was asserting objective facts, (2) the defendant used figurative or hyperbolic language, and (3) the statements can be proven true or false. *Id.* at 1153.

Applying this test, the tenor of Avvo's website negates any impression that the Avvo Rating purports to assert objective ***facts***. Avvo states repeatedly that its ratings represent its ***assessment*** (i.e., opinion) of an attorney's ability. *See supra* at II.B. Dozens of cases show that readers can discern opinion in ratings, reviews, and rankings. *See* Def. Mot. at 8-12.

---

[6] The few cases plaintiffs cite are far afield. Opp. at 16. In *R.A.V. v. City of St. Paul*, 505 U.S. 377, 396 (1992), the Court struck down an effort to regulate speech as conduct. In *Wine and Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 48-49 (1st Cir. 2005), the court found a liquor licensing statute did not prohibit an alcohol retailer from engaging in speech and, alternatively, that the plaintiff's commercial speech was not symbolic. Apparently, the rationale for plaintiffs' "coercion" theory amounts to nothing more than a stubborn *Through the Looking Glass* insistence that "coercion" can mean anything they want.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — 6
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Without explanation, plaintiffs declare that these cases are somehow different. Opp. at 20. In addition, as in *Partington* and these other cases, Avvo outlines the basis for its ratings, both on attorney profiles and other parts of the site. *See supra* at II.A; *see also* Shaak Decl., Ex. A at 11, 19-20; Shaak Supp. Decl. at 2, 3.[7] Thus, although Browne professes to be upset that his admitted disciplinary sanction lowered his rating, Avvo's disclosure of the Bar Association sanction as the basis for its opinion (or assessment) satisfies the first *Partington* factor.[8]

Plaintiffs also advance the curious theory that a speaker loses the right to express an opinion if he or she professes to be unbiased, Opp. at 17, thus allowing the Ku Klux Klan full First Amendment protections (because it admits bias) while denying *Consumer Reports* the right to its opinion. The law does not support this startlingly naïve claim. *See, e.g., Search King, Inc. v. Google Tech., Inc.*, 2003 WL 21464568, at *4 (W.D. Okla. May 27, 2003) ("just as the alchemist cannot transmute lead into gold, [Google's] statements as to the purported objectivity of [its unique algorithm] cannot transform a subjective representation into an objectively verifiable fact."). The fact that Avvo relies on computer analysis to generate ratings does not affect its constitutional right to express its views.

Seeking to satisfy the third *Partington* factor, plaintiffs for the first time point to two allegedly false factual statements.[9] First, they claim that the Avvo website falsely stated an attorney's (although apparently not these plaintiffs') years of practice, because it did not also mention another state where he had practiced earlier. *See* Opp at 4-5, 21. But, as plaintiffs admit, Avvo accurately displays the attorney's years of practice in the state for which the profile exists. Opp. at 4-5; *see also* Supp. Shaak Decl., Ex. A at 2, 3.[10] Second, they assert

---

[7] Avvo does not regard its speech as hyperbole or rhetoric. *See* Opp. at 20.

[8] Plaintiffs disagree with Avvo's ratings to the extent they imply that Britton, ex-general counsel of Expedia, a local company that has engaged in millions of consumer transactions, could better handle a typical consumer's legal issues than Supreme Court Justice Ruth Bader Ginsburg, Opp. at 1, 4, who has had no recent experience with or knowledge of local laws or procedure. The fact that no one can prove that Avvo's rating is right (or wrong) on this point shows that its rating amounts to a classic expression of protected opinion.

[9] Because plaintiffs incorporated by reference the entire Avvo site as of the Complaint's date, the Court may accept as true the contents where they conflict with the Complaint's allegations. *See supra* note 2.

[10] Neither plaintiff asserts he practices in a different state. Court records show the website accurately states Browne has been licensed in Washington since 1983, and Wenokur since 1972. Supp. Shaak Decl., Ex. A at 2,

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — 7
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

that Avvo misstates the breakdown of Browne's practice as only 20 percent criminal defense, rather than 100 percent. But, in fact, Browne's Avvo profile shows he handles only criminal cases. Supp. Shaak Decl., Ex. A at 2. Wenokur's profile has no breakdown. *See id.* at 3.

This case is almost identical to *Aviation Charter v. Aviation Research Group/US,* 416 F.3d 864 (8th Cir. 2005), despite plaintiffs' attempts to distinguish it.[11] That court's analysis of the plaintiff's consumer protection claim, Opp. at 21, did not affect its opinion ruling, given that it found one statement to be false (and did not even find liability for that). *Aviation Charter*, 416 F.3d at 871-72. Plaintiffs assert that in *Aviation Charter*, the defendant conducted a "meaningful investigation" to create its opinions. Opp. at 21-22. Even if Avvo did not conduct such an investigation (which it did), it would not matter—the First Amendment does not protect only "meaningfully investigated" opinions.[12]

## C. Plaintiffs Have Failed to State a Claim under the CPA.

### 1. Avvo's Publication Does Not Occur in "Trade or Commerce."

Plaintiffs have failed to state a CPA claim. Under controlling Washington case law, they must allege that: "(1) the defendant by unfair or deceptive acts or practices in the conduct of trade or commerce… induced [them] to act or refrain from acting; (2) [they] suffer[] damage brought about by such action or failure to act; and (3) the… deceptive acts or practices have the potential for repetition." *Fidelity Mortgage Corp. v. Seattle Times Co.*, 131 Wn. App. 462, 468-69, 128 P.3d 621 (2005).

Avvo's ratings of these plaintiffs did not occur in the conduct of trade or commerce— that is, "the sale of assets or services, and any commerce directly or indirectly affecting the

---

3; *see also Roll of Attorneys, Admitted to Practice in the Supreme Court of Washington*, 81 Wn.2d xxiii; *Roll of Attorneys, Admitted to Practice in the Supreme Court of Washington to June 14, 1973,* 100 Wn.2d xxxix. This Court may take judicial notice of these public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing Fed. R. Evid. 201); *Lynch v. Trendwest Resorts, Inc.,* 2006 WL 44360, at *2 (W.D. Wash. Jan. 6, 2006) (court "may take judicial notice of facts… without converting the motion into one for summary judgment if the facts are in the record of the case or are of public record.") (quotation marks and citation omitted).

[11] That the court decided the case on summary judgment is irrelevant. *See supra* note 4.

[12] Plaintiffs' meager attempt to distinguish the dozens of cases Avvo cites on the opinion doctrine in one footnote, Opp. at 21 n. 22, does not merit discussion. The cases speak for themselves.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — 8
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  people of the state of Washington." RCW 19.86.010(2). On this issue, *Fidelity Mortgage* is
2  controlling.[13] There, a Washington appellate court found the defendant's publication of
3  allegedly deceptive mortgage rates, in both its print ***and*** online versions, did not occur in trade
4  or commerce.[14] *See* 131 Wn. App. 462, 468; *Fidelity Mortgage Corp. v. Seattle Times Co.*,
5  304 F. Supp. 2d 1270, 1272 (W.D. Wash. 2004) ("plaintiff's claims rest on the allegation that
6  defendants 'knowingly publish[ ] false, deceptive, and/or misleading Interest Rates' in the
7  *Seattle Times* print and online publications"). The sale of advertising does not make Avvo's
8  speech or the site itself "commercial." *See New York Times Co. v. Sullivan*, 376 U.S. 254,
9  266 (1964) (publishing paid advertisement does not mean that a newspaper is engaged in
10 commercial speech); *Smith v. California*, 361 U.S. 147, 150 (1959) (publications protected,
11 even if "dissemination takes place under commercial auspices"); *Daily Herald Co. v. Munro*,
12 758 F.2d 350, 358-59 (9th Cir. 1984) ("profit motive" does not make media publications
13 "commercial speech").

14      In this regard, Avvo is no different from other media. In collecting attorney data and
15 creating its Avvo Rating, Avvo intended "to use material—sought, gathered or received—to
16 disseminate information to the public." *Wright v. Fred Hutchinson Cancer Research Ctr.*,
17 206 F.R.D. 679, 680-81 (W.D. Wash. 2002). Plaintiffs neither dispute the validity of this test,
18 nor allege any facts showing Avvo does not function as a member of the media.

19      Finally, plaintiffs oddly contend that the First Amendment and Section 230 of the
20 Communications Decency Act cannot both protect Avvo, *see* Opp. at 12-13. Plaintiffs have
21 constructed this argument out of whole cloth. Section 230 does not exempt the media from its
22 purview, and courts should not interpret it to do so. *See, e.g., In re Gerwer*, 898 F.2d 730,
23 732 (9th Cir. 1990). Congress designed Section 230 to immunize websites (including

---

[13] *Fidelity Mortgage*'s dicta, Opp. at 13 n. 15, relates to liability for advertisements. The Avvo Rating is not commercial speech, so the analysis is irrelevant.

[14] Plaintiffs cite cases involving a commercial nexus between plaintiffs and defendants. *See Stephens v. Omni Ins. Co.*, 138 Wn. App. 151, 174, 159 P.3d 10 (2007) (preexisting commercial relationship between a car driver, his insurance company, and the collection agency the latter hired); *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 313, 858 P.3d 1054 (1993) (citing the unique relationship of a physician as essentially a consumer of pharmaceutical drugs). None exists here.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — 9
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

interactive media sites) from claims arising from third-party content. *See generally* 47 U.S.C. § 230. By its terms, Congress sought to "promote the continued development of… interactive computer services *and other interactive media*." *Id.* § 230(b)(1) (emphasis added).[15]

### 2.  Plaintiffs Have Not Alleged Direct Harm from Avvo's Actions.

Plaintiffs also fail to allege they suffered direct harm from Avvo's conduct, which also dooms their CPA claim. In addition to finding that the *Seattle Times* did not engage in trade or commerce by publishing information for consumers (and that the theory was so frivolous that it warranted sanctions), the court in *Fidelity Mortgage* found that plaintiffs did not show direct injury, despite a theory of causation identical to what plaintiffs advance here. 131 Wn. App. at 470-71.[16] As in *Fidelity Mortgage,* plaintiff Browne (Wenokur does not argue even this attenuated level of causation) asserts that Avvo published false information about him, consumers believed that information, and he lost customers as a result.

Under the three-part test Washington courts use to determine CPA causation, *see id.*, consumers, not attorneys, would be the direct victims—if there were any injury at all. Plaintiffs' argument that they suffer a different injury, Opp. at 14 n.16, misses the point; only directly harmed parties may sue under the CPA.[17]

Plaintiffs' assertion that they seek only injunctive relief (plus penalties and prejudgment interest) for putative class members is likewise irrelevant. *See* Opp. at 14. The plaintiff in *Fidelity Mortgage* also sought injunctive relief. 304 F. Supp. 2d at 1272 (noting that plaintiff "seeks monetary damages and an injunction"). Indeed, plaintiffs' claim for injunctive relief only compounds the First Amendment violations here, because such prior

---

[15] *Batzel v. Smith,* 333 F.3d 1018 (9th Cir. 2003), does not stand for the opposite proposition.

[16] Contrary to plaintiffs' assertion, Avvo does not claim the CPA requires a contract or privity between the plaintiff and defendant. *See* Opp. at 15-16. Defendants simply assert that *Fidelity Mortgage* bars this lawsuit.

[17] Under the second factor, determining damages suffered by consumers and attributable to the conduct would be impossible, for a court would have to find at least that: (1) a consumer relied on the Avvo ratings; (2) the consumer chose someone other than Browne or Wenokur, or a member of the attorney class they represent; (3) Browne or Wenokur or this other unknown class member would have better represented the consumer; (4) the class member merited a higher rating than the chosen attorney; (5) if the ratings had been "accurate," the consumer would have chosen the class member; and (6) consumers suffered damages because of this choice.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — 10
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

restraints are "the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).

Presumably, under plaintiffs' theory of liability, Avvo also would owe damages to the unknown consumers who allegedly could have obtained better legal services from plaintiffs and their class of unjustly low-rated lawyers,[18] and thus, under the third CPA factor, this Court would have to "adopt complicated rules apportioning damages to obviate the risk of multiple recoveries." *See Fidelity Mortgage,* 131 Wn. App. at 471-72.

### D. Section 230 Protects the Republishing of Third-Party Content.

Section 230 protects Avvo **both** as a member of the media **and** as an interactive computer service. *See supra* at 9-10. Given that basic statutory premise, plaintiffs cannot hold Avvo liable for re-posting attorney disciplinary history, information originating on attorney websites, client reviews, and peer endorsements. *See* Opp. at 23; *see also Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003). Despite Browne's displeasure with the publication of his disciplinary sanction, third-party content cannot support liability.

### E. The Constitution Bars Liability for Republication of Disciplinary Actions.

Plaintiffs do not dispute the First Amendment prohibits liability where a publisher lawfully obtains and prints truthful information about a matter of public concern, or that the fair report privilege protects publication of information from public records. Nor do they dispute that Avvo pulls disciplinary information directly from bar association sites. Although plaintiffs purport not to base any allegations on publication of this information, Opp. at 24, this Court must reject their theory that Avvo "arbitrarily" treats attorneys differently based on disciplinary status, since the alleged liability necessarily rests on public records.

### F. The Requested Amendment of the Complaint Would Be Futile.

Plaintiffs' requested amendments to their Complaint cannot cure its fundamental, and fatal, legal deficiencies, and thus would be futile in light of the First Amendment protections for Avvo's opinions. *See Komie v. Buehler Corp.*, 449 F.2d 644, 648 n.4 (9th Cir. 1971)

---

[18] Plaintiffs dispute this only in a conclusory manner. *See* Opp. at 14-15.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — 11
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Given a legally insufficient Complaint and obviously fruitless amendments, this Court can enforce the basic First Amendment principle encouraging prompt dismissal of meritless lawsuits targeting protected speech. *Washington Post Co. v. Keogh*, 365 F.2d 965, 968 (D.C. Cir. 1966); *see also Mohr v. Grant,* 153 Wn.2d 812, 108 P.3d 768, 821 (2005); *Mark v. Seattle Times,* 96 Wn.2d 473, 485-86, 635 P.2d 1081 (1981). This Court should deny plaintiffs' request to amend their Complaint.

## IV.  CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their motion for judgment on the pleadings and dismiss this lawsuit with prejudice.

DATED this 10th day of August, 2007.

        Davis Wright Tremaine LLP
        Attorneys for Defendants Avvo, Inc., and
        Mark Britton

By s/ *Bruce E. H. Johnson*
    Bruce E. H. Johnson, WSBA # 7667
    Stephen M. Rummage, WSBA # 11168
    Ambika K. Doran, WSBA # 38237
    1201 Third Avenue, Suite 2200
    Seattle, Washington 98101-3045
    Telephone: (206) 757-8069
    Fax: (206) 757-7069
    E-mail: brucejohnson@dwt.com,
    steverummage@dwt.com,
    ambikadoran@dwt.com

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — 12
SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steve W. Berman – steve@hbsslaw.com

Jeniphr A.E. Breckenridge – jeniphr@hbsslaw.com

Robert Gaudet, Jr. – robertg@hbsslaw.com

           Davis Wright Tremaine LLP
           Attorneys for Defendants Avvo, Inc. and
           Mark Britton

By  *s/Bruce E. H. Johnson*
     Bruce E. H. Johnson, WSBA # 7667
     Stephen M. Rummage, WSBA # 11168
     Ambika K. Doran, WSBA # 38237
     1201 Third Avenue, Suite 2200
     Seattle, Washington 98101-3045
     Telephone: (206) 757-8069
     Fax: (206) 757-7069
     E-mail: brucejohnson@dwt.com,
     steverummage@dwt.com,
     ambikadoran@dwt.com

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS (CV7 920 RSL) — 13

SEA 2061531v8 0084269-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700